UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OCTAVIA WINTERS,

          Plaintiff,

          v.

Case No. 25-cv-1802-bhl

MILWAUKEE COUNTY POLICE DEPARTMENT and
JOHN/JANE DOES,

          Defendants.

## SCREENING ORDER

On November 17, 2025,[1] Plaintiff Octavia Winters, proceeding without an attorney, filed a complaint against the Milwaukee Police Department, and unknown officers, alleging violations of federal law. (ECF No. 1.) Winters has also filed a motion to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) Winters has since filed a motion to add Milwaukee County as a defendant. (ECF No. 4.) The matter is before the Court for consideration of Winter's IFP motion and for the screening of her complaint.

## IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. §1915(a)(1). Winters's IFP application includes information about her finances and is signed under penalty of perjury. (ECF No. 2 at 4.) She represents that she is unemployed, and currently a full-time student. (*Id.* at 4.) She lists monthly expenses totaling $320. (*Id.* at 1.) She represents that she does not have any assets. (*Id.* at 2–4.) Based on these

---

[1] Winters also filed a nearly identical complaint against the Kenosha Police Department on November 17, 2025. *See Winters v. Kenosha Cnty. Police Dep't*, Case No. 25-cv-01804-BHL (E.D. Wis. Nov. 17, 2025), (ECF No. 1). That complaint contains the same factual allegations as this case, but names different defendants. *Id.* It seems highly unlikely that officers from two separate police departments would have violated Plaintiff's rights in the exact same way. The Court cautions Winters that by filing her complaint she is representing that there is a factual basis for her to proceed. If she is found to have filed and continues to pursue frivolous litigation, she could be subject to sanctions. *Winters v. Kenosha Cnty. Police Dep't*, Case No. 25-cv-01804-BHL (E.D. Wis. Dec. 4, 2025), (ECF No. 5, at 1, n. 1).

sworn assertions, the Court concludes that Winters lacks sufficient resources to pay the filing fee and will grant her motion to proceed IFP.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward.

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Winters's complaint contains almost no facts. She indicates that she is the custodial parent of a minor child, and she reported custodial interference and requested help "regarding child concealment." (ECF No. 1 ¶¶1–2.) She alleges that the Defendants, the Milwaukee Police Department and an unspecified number of unknown officers, "refused to document, investigate, or forward felony complaints" and that this was a denial of police services available to other

similarly situated individuals, (*Id.* ¶¶3-4). She further contends that Defendants concealed or failed to log her reports, and that they acted "with deliberate indifference and in conspiracy to deny [her] due process and equal protection" rights. (*Id.* ¶¶5–6.) Beyond these vague assertions, the complaint does not provide any specifics of the circumstances underlying her claims. She does not identify when or where she made any of the reports at issue, what led her to make any of the alleged reports, or how any individual responded. Her motion to add defendants likewise fails to include any facts about what she believes these new defendants may have done related to her initial complaint. (ECF No. 4.)

## ANALYSIS

Winters alleges three claims; a 42 U.S.C. §1983 claim alleging violation of due process and equal protection, a 42 U.S.C §1985 claim for conspiracy to interfere with Civil Rights, and a claim she pleads as "Failure to Investigate/ Denial of Police Protection", that the Court will construe as another claim brought under 42 U.S.C. §1983. (ECF No. 1 at 2.) Because Winters fails to provide sufficient facts to give the Defendants fair notice of what her claims are she does not state a claim on any of these counts.

While a complaint need not be detailed to state a claim for relief, a plaintiff must allege sufficient facts to put the Defendants on notice of the claims against them. Fed. R. Civ. P. 8(a)(2); *Bank of America, N.A., v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ("Each defendant is entitled to know what he or she did that is asserted to be wrongful."). Simply alleging that Defendants committed constitutional or statutory violations in conclusory fashion without facts plausibly supporting the alleged violations is insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Winters's complaint does not include sufficient facts to state a claim against any of the Defendants. The complaint does not specify when Winters made the alleged reports, where they were made, or what information she told the officers in the reports. Nor does she allege how any individual defendant responded. Winters's conclusory assertion that the defendants violated her rights is insufficient. *See* Twombly, 550 U.S. at 555. The complaint simply does not put any of these Defendants on notice of what they are alleged to have done and lacks sufficient factual allegations to suggest Winters may be entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

Because Winters's complaint does not state a claim against any of the defendants it will be dismissed. The Seventh Circuit has instructed that a *pro se* plaintiff be afforded one opportunity to amend his complaint. *See Zimmerman v. Bornick*, 25 F.4th 491, 494 (7th Cir. 2022). Accordingly, if Winters believes she can cure the deficiencies identified in this decision, she may file an amended complaint by January 5, 2026. To assert her claims, Winters must include enough detail to provide notice to the Defendants of what she alleges they did. A complaint should read like a narrative being told to someone who does not know what happened. It should specify when and where the relevant events occurred and explain what happened. It does not need to include citations to cases.

The amended complaint must also include the docket number assigned to this case and must be labeled "Amended Complaint." It will supersede her prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is not received, the Court will dismiss this case without prejudice for failure to prosecute pursuant to Civil L.R. 41(c).

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that Winters's Motion for Leave to Proceed Without Prepayment of the Filing Fee, ECF No. 2, is **GRANTED**.

**IT IS FURTHER ORDERED** that Winters's Motion to Add Party, ECF No. 4, is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Winters's Complaint, ECF No. 1, is **DISMISSED** without prejudice. If Winters wishes to proceed with this lawsuit, she must file an amended complaint on or before **January 5, 2025**. If the Court does not receive Plaintiff's amended complaint by that date, it will dismiss the case for failure to state a claim and for Plaintiff's failure to prosecute pursuant to Civil Local Rule 41(c).

Dated at Milwaukee, Wisconsin on December 4, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge